Cite as 2017 Ark. App. 448


# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–1066

ROBERT LEWIS PIERCE

**APPELLANT**

V.

STATE OF ARKANSAS

**APPELLEE**

**Opinion Delivered:** September 13, 2017

APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT
[NO. 16JCR-15-404]

HONORABLE TOMMY FOWLER, JUDGE

AFFIRMED

### MIKE MURPHY, Judge

In 2015, Robert Lewis Pierce pleaded guilty to breaking or entering and theft of property—credit/debit card or account number. He was sentenced to 90 days in jail and five years of probation.

On April 1, 2016, the State filed a petition to revoke Pierce's probation, alleging he had committed several crimes, including possessing a firearm, leaving the scene of an accident, and failing to appear for charges related to the firearm possession. A revocation hearing was held on September 26, 2016.

At the hearing, Officer Paul Williams testified that he received a dispatch about shots fired at a local hotel. En route to the hotel, Officer Williams saw four suspects in a car which matched the description from the dispatch, heading away from the scene. He initiated a traffic stop. Pierce told Officer Williams that someone had pulled a gun on him in the hotel

parking lot and that he and the other passengers fled in the car. Officer Williams testified that he found a gun and a spent casing in the seat where Pierce had been sitting in the car.

Don Browning, with the Arkansas State Police, also testified for the State. He testified that he had filed charges against Pierce stemming from a hit-and-run accident. He testified that Pierce had entered a no-contest plea to those charges.

The trial court took the case under advisement to review its notes and issued a letter with findings a few days later, revoking Pierce's probation and instructing counsel for the State to prepare the corresponding orders. The letter provided that the court found that Pierce had violated the terms and conditions of his probation by "being arrested and receiving new charges in 16JCR-16-231 and for failing to appear in court on his new charges on March 31st, 2016 thereby causing an arrest warrant to issue." The court said that it had "weighed the evidence and testimony by a preponderance standard while considering the excuse provided by [Pierce] for the violation of any term and/or condition," and that "the Court does not find [Pierce's] testimony credible regarding the circumstances of being arrested and receiving new charges." It further found that Pierce "admitted he missed his court date and did not provide the Court with an acceptable excuse."

This timely appeal followed.

In order to revoke a suspension or probation, the trial court must find by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of that suspension or probation. *Wilson v. State*, 2016 Ark. App. 218, at 7–8, 489 S.W.3d 716, 720. The State bears the burden of proving that the defendant violated the terms of his suspension or probation. *Id.* Only one violation need be shown to justify

revocation. *Id.* On appellate review, the circuit court's decision is not reversed unless it is clearly against the preponderance of the evidence. *Id.*

On appeal, Pierce argues that the circuit court implied a "no arrest requirement" as a condition for his probation when it said that he had "violated the terms and conditions of his . . . probation by being arrested and receiving new charges." This is not persuasive. Conditions of Pierce's probation included requirements such as "you must not commit a criminal offense punishable by imprisonment" and "you must not purchase, own, control or possess any firearm or other prohibited deadly weapon at any time, or be in the company of any person possessing the same." Pierce was arrested for possession of a firearm by a convicted felon, an offense punishable by imprisonment,[1] and the circumstances providing the basis for that arrest were outlined by Officer Williams's testimony. That testimony placed Pierce in the possession of, or at the very least in the company of a person in the possession of, a firearm.

A preponderance of the evidence demonstrates that Pierce violated the terms and conditions of his probation.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

---

[1]Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016).